IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:02-CR-22-2BO

| | | |
|---|---|---|
| UNITES STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DION SAULTER | ) | |
| | ) | |

This matter is before the Court on defendant's motion to waive forfeiture or stop payments. For the reasons stated herein, the motion is DENIED.

## BACKGROUND

June 20, 2002, defendant pleaded guilty pursuant to a plea agreement to charges of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. § 846, use of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c), and conspiracy to launder money in violation of 18 U.S.C. § 1956(h). [DE 154]. Defendant's plea agreement further included provisions for criminal asset forfeiture under 21 U.S.C. § 856 and criminal forfeiture of property under 18 U.S.C. § 982. *Id.* On September 9, 2002, a judgment of forfeiture was entered by the clerk in the amount of $1,000,000 with post-judgment interest accruing at the rate of 1.80%. [DE 237].

Defendant is currently incarcerated, serving a sentence of imprisonment of 230 months. [DE 788]. In the instant motion, defendant contends that he has not been required to pay on his forfeiture since he was sentenced, but that in August 2015 the Bureau of Prisons set up a FRP contract requiring him to pay towards the forfeiture judgment. Defendant asks that the forfeiture judgment be waived or the payments stopped until he is released from prison.

## DISCUSSION

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). Here, defendant has neither cited nor briefed any statute or rule allowing for a modification of the judgment. Therefore, this Court is without the authority to modify the final judgment as requested by defendant. Insofar as defendant contests the method by which the Bureau of Prisons is collecting funds from his account to pay toward the forfeiture judgment, defendant cannot assert a claim for judicial relief before exhausting the prescribed administrative remedies made available to him. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).

Because defendant has cited no authority for the Court to modify its original judgment and because defendant has not demonstrated that he has exhausted his administrative remedies, his motion is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 794] is DENIED.

SO ORDERED, this __16__ day of December, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE