IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:02-CR-22-2BO

| | |
|---|---|
| DION SAULTER,<br>Petitioner,<br><br>v.<br><br>UNITES STATES OF AMERICA,<br>Respondent. | ORDER |

This matter is before the Court on petitioner's second motion for reconsideration. For the reasons that follow, the motion is dismissed without prejudice.

## BACKGROUND

On June 20, 2002, petitioner, Saulter, pleaded guilty pursuant to a plea agreement to charges of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. § 846, use of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c), and conspiracy to launder money in violation of 18 U.S.C. § 1956(h). [DE 410]. Saulter is currently incarcerated, serving a total sentence of imprisonment of 230 months. [DE 788].

Saulter, through counsel, filed the instant motion for reconsideration on June 30, 2017, arguing that counsel was ineffective for failing to object to the use of self-incriminating information in calculating his offense level under the United States Sentencing Guidelines. Saulter contends that his sentence is thirty months longer than it would have been without counsel's error at the original sentencing hearing. Saulter seeks a thirty month reduction in his sentence.

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive § 2255 petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence ... or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

The relief which Saulter seeks is that which would be provided by a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Saulter has previously filed a motion pursuant to 28 U.S.C. § 2255 which was denied on the merits, [DE 674], and the instant motion may be properly construed as a second or successive motion under § 2255. *See Winestock*, 340 F.3d at 207 (In determining whether a motion should be construed as one under § 2255, "[t]here may be no infallible test ... but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

Generally, a court must notify a petitioner before recharacterizing a motion as being subject to § 2255's requirements. *Castro v. United States*, 540 U.S. 375, 377 (2003). However, this "notice before recharacterization" requirement does not apply to situations in which a petitioner has already had a previous § 2255 motion dismissed on the merits. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished). Accordingly, no notice is required and the Court dismisses Saulter's motion without prejudice subject to re-filing after receiving authorization from the court of appeals.

## CONCLUSION

For the foregoing reasons, Saulter's motion [DE 804] is DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this __23__ day of October, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3